**SIGNED this 7 day of February, 2024.**



_____
John T. Laney, III
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| PATRICIA BENTON LEE | ) | Chapter 11 Proceeding |
| | ) | |
| Debtor, | ) | Case Number: 19-71337- JTL |
| | ) | |

**MEMORANDUM OPINION ON MOVANT'S
MOTION TO SELL**

The above-styled contested matter came before the Court on a motion to sell filed by the

Debtor, Patricia Benton Lee, represented by Mr. Wesley Boyer. Mot. to Sell, Doc. 275. U.S.

Bank National Association, not in its individual capacity but solely as trustee for the RMAC

1

Trust, Series 2016-CTT, or "U.S. Bank," represented by Mr. Evan Durkovic, objected to the Debtor's motion. Obj. to Mot. to Sell, Doc. 280. The matter was heard on February 6, 2024, after which the Court orally granted the motion. Hr'g Held, Doc. 283. The Court reserved its right to present written findings of facts and conclusions of law after the hearing. *Id*. For the reasons stated below, the Court granted the Debtor's motion to sell.

I.      **Factual Findings and Procedural History**

Ms. Patricia Benton Lee, the debtor, resides in Ochlocknee, Georgia. Mot. to Sell, Doc. 275. Her property consists of a home on 43-acres of land. U.S. Bank is the sole lienholder on the property. *Id*. On November 1, 2019, Ms. Lee filed Chapter 11 bankruptcy. On March 18, 2020, U.S. Bank submitted the only proof of claim in the case. Claims Register, Claim #1. The claim is for $244,234.76 secured by the debtor's real property. *Id*. It has not been amended since its filing.

On October 23, 2020, the Court granted U.S. Bank relief from the stay as to the debtor's property. Order Grant'g Mot. for Relief from Stay, Doc. 65. The Debtor appealed this decision to the district court and later the district court's affirmation of this Court's order to the Eleventh Circuit. Notice of Appeal, Doc.68. As of this time, the Eleventh Circuit has not ruled on the issues in the Debtor's appeal.

On January 23, 2024, the Debtor filed a Motion to Sell Property Free and Clear of Liens. Mot. to Sell, Doc. 275. The motion requested approval from the Court to sell 15 acres of the Debtor's 43-acre property. *Id*. The Debtor plans to sell the 15 acres to parties unrelated to this proceeding for $265,000.00. *Id*. The motion states that the U.S. Bank will "retain its liens and claims to the extent allowed, in the remaining 28 acres and its liens and claims, to the extent allowed, will be attached to the net proceeds of sale." *Id*.

U.S. Bank objected to the Debtor's motion stating their "total outstanding balance owed on U.S. Bank's claim as of February 8, 2024, is approximately $294,915.99." Obj. to Mot. to Sell, Doc. 280. U.S. Bank claims that, because the purchase price would not fully pay the entirety of U.S. Bank's claim, the sale is improper under § 363(f) and stated it would "credit bid" the full amount of its claim under § 363(k). *Id*.

The Court heard the parties' arguments on February 6, 2024. Hr'g Held, Doc. 283. Mr. Boyer appeared in-person and presented evidence on behalf of the Debtor. Mr. Durkovic appeared by telephone so could neither present evidence nor cross-examine the Debtor's witness. During the hearing, the Court granted the motion. *Id*.

II.     **CONCLUSIONS OF LAW**

U.S. Bank objected to the sale under § 363(f) and requested the right to credit bid under § 363(k). Obj. to Mot. to Sell, Doc. 280. The Court finds that the sale is proper under §§ 363(f)(3) and (4) and thus granted the Debtor's motion. The Court further finds that U.S. Bank does not have the right to credit bid under § 363(k).

The Court first addresses the U.S. Bank's objections under § 363(f). The Court need only find one of the five sections applies to authorize the sale under § 363(f). U.S. Bank states that the sale is improper under §§ 363(f)(2) and (3). Obj. to Mot. to Sell, Doc. 280. Section 363(f)(2) allows the sale of the property free and clear of an entity's interest "only if such entity consents." The parties do not dispute that § 363(f)(2) does not apply because U.S. Bank does not consent. For the same reasons, the parties do not dispute that §§ 363(1) and (5) do not apply. Therefore, the Court addresses U.S. Bank's objection under § 363(f)(3) and further authorization under § 363(f)(4).

U.S. Bank states that the sale of the property fails to satisfy the requirements of § 363(f)(3). Obj. to Mot. to Sell, Doc. 280. Section 363(f)(3) requires that property can be sold free and clear of liens "only if such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property." U.S. Bank argues that the purchase price of $265,000.00 does not satisfy its lien because its lien "has continued to accrue and is presently in the approximate amount of $294,915.99." *Id*.

U.S. Bank acknowledges a split amongst courts as to whether § 363(f)(3) authorizes the sale of a property a for proposed price less than or equal to the amount of the liens. *Id*. It asks that the Court follow the cases that reject the premise that a sale can be authorized if the sale price reflects the economic value of the property over the face value of the liens. *Id. Compare In re Canonigo*, 276 B.R. 257, 260 (Bankr. N.D. Cal. 2002) *and In re Bay Circle Properties, LLC,* No. 15-58440-WLH, 2017 WL 639769, at *2 (Bankr. N.D. Ga. Feb. 14, 2017). The Court finds that this objection inapplicable because the evidence presented demonstrates that the purchase price would satisfy U.S. Bank's lien.

U.S. Bank states that their lien has increased and is presently $294,915.99 but presents no evidence as to that amount. U.S. Bank did not present evidence at the hearing, has not amended its claim to reflect that increased amount, nor attached exhibits to its motion to account for the increased loan balance. A representative for the Debtor testified, however, they have received documentation from their mortgage servicers which states their current loan balance is $241,976.23. Hr'g Held, Doc. 283. Similarly, U.S. Bank's proof of claim states that the value of their claim against the Debtor's property is $244,234.76. Claims Register, Claim #1. There is no evidence on the record to support U.S. Bank's claim that the purchase price of $265,000.000 would not satisfy its current lien.

Furthermore, § 363(f)(4) would still allow for the sale because there is a bona fide dispute as to the value U.S. Bank's interest in the Debtor's property. In addressing whether § 363(f)(4) encompasses a bona fide dispute as to the value of a creditor's interest, this Court is persuaded by Judge Sledge's interpretation of § 363(f)(4) in *In re Gulf States Steel, Inc. of Alabama*, 285 B.R. 497 (Bankr. N.D. Ala. 2002). In that case, the court approved the sale of property free and clear of liens "over any objection by any Taxing Authority" because the amount of taxes owed by the Debtor was disputed at the time of the sale. Judge Sledge quoted *In re Clark* 266 B.R. 163, 171 (Bankr. App. 9th Cir. 2001), in finding that the purpose of § 363(f)(4) is to allow for the sale of property free and clear of liens, "so that liquidation of the estate's assets need not be delayed while such disputes are being litigated." *In re Gulf States Steel*, 285 B.R. at 507.

As previously noted, the amount the Debtor owes to U.S. Bank is disputed. The Debtor's representative testified that the Debtor received documentation that stated her loan balance is $241,976.23 while U.S. Bank believes that the payoff amount for their lien is $294,915.99. Hr'g Held, Doc. 283; Obj. to Mot. to Sell, Doc. 280. Furthermore, the Debtor's representative stated that she disputes whether she owes the amounts charged to her for taxes, escrow payments, inspection fees, and broker price options. Hr'g Held, Doc. 283. The Debtor filed an Objection to U.S. Bank's claim on February 5, 2024, to resolve these discrepancies and the litigation of the amount owed to U.S. Bank would delay the potential sale indefinitely. Obj. to Claim 1, Doc. 282. Thus, the Court authorizes the sale under § 363(f)(4) because the value of U.S. Bank's lien is in bona fide dispute and disposition of the property of the estate should not be delayed by the litigation to resolve U.S. Bank's current interest in the Debtor's property.

The Court also finds U.S. Bank is not entitled to "credit bid" because they do not have an allowed claim as required by §363(k). Section 363(k) states, "At a sale under subsection (b) of

5

this section of property that is subject to a lien that secures *an allowed claim*, unless the court for cause orders otherwise the holder of such claim may bid at such sale, and, if the holder of such claim purchases such property, such holder may offset such claim against the purchase price of such property." (emphasis added). If an objection to the claim is filed, the claim is no longer deemed allowed until after notice, hearing and the court's determination of the amount of such claim. 11 U.S.C. § 502(b). As previously stated, the Debtor filed an Objection to U.S. Bank's claim on February 5, 2024. Obj. to Claim 1, Doc. 282. Thus, U.S. Bank does not currently have an allowed claim for purposes of § 363(k) and is not entitled to credit bid.

Finally, U.S. Bank requested the Court not waive the stay imposed by Federal Rules of Bankruptcy Procedure Rule 6004(h). Rule 6004(h) states, "An order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." The proposed closing date for the sale of the Debtor's property is February 8, 2023. The Court exercised its discretion and waived Rule 6004(h) as to allow the parties to finalize the sale expeditiously.

The Court notes that the proposed sale is only for about one third of the real estate encumbered by U.S. Bank's lien and does not include the Debtor's home, leaving substantial collateral to secure any deficiency that might be owed after application of the net proceeds to U.S. Bank's lien.

### III.    CONCLUSION

This memorandum opinion memorializes the Court's findings of fact and conclusions of law announced at the time the Court orally granted the Debtor's motion to sell. The Court overruled U.S. Bank's objections and granted the Debtor's motion.

END OF DOCUMENT